

FILED

4/23/2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Precious Okereke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  20-715 (UNA) |
| | ) | |
| Rya W. Zobel *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This matter, filed *pro se*, is before the Court on consideration of plaintiff's complaint and application to proceed *in forma pauperis*.  The application will be granted, and this case will be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of the case "at any time" the court determines that it is frivolous).

Plaintiff is a resident of Boston, Massachusetts.  She has sued three circuit judges -- two in the United States Court of Appeals for the First Circuit and one in the Second Circuit, and two district court judges -- one in the United States District Court for the District of Massachusetts and one in the Southern District of Florida.  *See* Compl. at 4; Compl. Attachments.  Plaintiff previously sued the lead defendant, U.S. District Judge Rya W. Zobel, in the District of Massachusetts and then sued the judge who presided over that case, Indira Talwani, in this Court.  *See Okereke v. Torruella*, No. 20-cv-00042 (UNA), Complaint.  Plaintiff admits that "[t]his lawsuit originated from" yet another case she filed in the District of Massachusetts, which was dismissed.  Compl. at 1; *see* Compl. Attachments (orders dismissing plaintiff's case and her appeal).  Like before, this lawsuit is based on plaintiff's disagreement with the judicial defendants' rulings, and it seeks $75 million in compensatory and punitive damages from each defendant.  *Id*. at 7.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland* 655 F.2d 1305, 1308 (D.C. Cir. 1981).   Judges enjoy absolute immunity from suits based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter. *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases).   Consequently, a complaint, such as here, against judges who have "done nothing more than their duty" is "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see accord Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts").

In addition, complaints lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Crisafi*, 655 F.2d at 1307-08 ("A court may dismiss as frivolous complaints reciting bare legal conclusions . . ., or postulating events and circumstances of a wholly fanciful kind.").   Plaintiff's complaint satisfies this standard as well.  So, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)).

Plaintiff is warned that she will not make a mockery of this court by continuing to file  such frivolous actions, which serve no purpose and waste precious judicial resources.  "Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's

discretion . . ., and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000) (citations omitted).   If plaintiff persists in morphing dismissals of her cases and appeals into separate civil actions, she will lose the privilege of proceeding *in forma pauperis* and will "have to do [that] on [her] own dime." *Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008).   A separate order accompanies this Memorandum Opinion.


_____s/_____
AMY BERMAN JACKSON
United States District Judge

Date: April 23, 2020